FILED
United States Court of Appeals
Tenth Circuit

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 14, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

AGNES MUKANTAGARA; EBENEZER
SHYAKA,

Plaintiffs - Appellants,

v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; U.S.
DEPARTMENT OF HOMELAND
SECURITY; U.S. CITIZENSHIP AND
IMMIGRATION SERVICES; MICHAEL
CRABTREE, USCIS Field Office Director,
Salt Lake City; ANDREW LAMBRECHT,
USCIS District Office Director, Denver;
JOSEPH B. EDLOW, Director,*

Defendants - Appellees.

No. 24-4071
(D.C. No. 2:20-CV-00897-RJS)
(D. Utah)

_____

**ORDER**
_____

Before **TYMKOVICH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This matter is before the court on the government's *Petition for Rehearing En*

*Banc* and on plaintiffs' *Opposition* thereto.

---

* Secretary Markwayne Mullin and Director Joseph Edlow are substituted for
former Secretary Kristi Noem and Senior Official Performing the Duties of Director Kika
Scott pursuant to Fed. R. App. P. 43(c)(2).

In light of the Supreme Court's holding in *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026), and our independent duty to examine our own jurisdiction, *Williams v. Akers*, 837 F.3d 1075, 1077 n.2 (10th Cir. 2016) (citation omitted), we grant the government's request for panel rehearing. *See* Fed. R. App. P. 40(f). The request for rehearing en banc is denied as moot.

We VACATE the January 12, 2026 judgment and order supplemental briefing on the questions set forth below. Both parties should address the first two questions, and the government should also address the third.

1. Whether *Mullin v. Doe*'s statement that "[i]f the final agency action is unreviewable, then so too are subsidiary determinations," 2026 WL 1825840, at *10, calls into question our holding in *Mukantagara v. Noem* that 8 U.S.C. § 1252(a)(2)(B)(ii) allows for review of USCIS's subsidiary determinations under 8 U.S.C. § 1157(c)(4)?

2. Whether judicial review of USCIS's determination that Ms. Mukantagara and Mr. Shyaka were not refugees at the time of their admission to the United States is available? If so, what is the basis for that review?

3. Throughout this litigation, the government has taken at least two positions on whether the termination decision is reviewable in a petition for review. In the last panel hearing, it argued that Mr. Shyaka and Ms. Mukantagara could "supplement the record to include USCIS's initial termination [decision] if needed for a [petition for review]." *See Mukantagara II* Resp. Br. at 42; *id.* at 40–42. But in its response to Mr. Shyaka's petition for review, the government argued that USCIS's termination decision was "not part of the administrative record before the [BIA] and thus may not be considered by the Court on review." *See Shyaka v. Blanche*, Case No. 21-9583, Dkt. No. 26, at 2. Which is the government's position?

The parties' simultaneous supplemental briefs shall be filed **within 21 days** of the date of this order. The briefs may be no longer than 25 pages in a 13- or 14-point font, and while they need not comply with the content requirements of Fed. R. App. P. 28(a),

they should be organized in a manner that is helpful to the court. Hard copies need not be submitted.

The court intends to set argument in this matter before September 1, 2026; accordingly, requests for extension of time are strongly discouraged. The Clerk's Office will contact the parties to schedule the oral argument.

Entered for the Court

Per Curiam